PATRICK J. LUCEY Governor of Wisconsin
In connection with the appointment of a new chairman of the Industry, Labor and Human Relations Commission, you express a concern about the administrative duties of the chairman and you request an opinion from me that "will more clearly interpret Section 15.06 (4), Wisconsin Statutes" as relates to such duties.
By way of background for your opinion request, you state:
 ". . . A report done by the Department of Administration late last year recommended that the Department of Industry, Labor and Human Relations proceed to implement the legislative intent of Section 15.06 (4), Wisconsin Statutes, namely that the chairman act as chief executive of the department. In that report the Department of Administration defined and gave examples of the various decision making responsibilities of the department, namely quasi-judicial, policy and statutory, and administrative."
You have provided me with a copy of the above mentioned report, entitled "DILHR Administrative Structure Study," (hereinafter referred to as "the Study") and you pose tour questions:
 (1) Are those matters described in the Study as administrative responsibilities accurately defined as "administrative," within the meaning of sec. 15.06 (4), Stats. ? *Page 34 
 (2) Can administrative responsibilities be assigned solely to the chairman as sec. 15.06 (4), Stats., requires?
 (3) Are those matters described in the Study as "policy and statutory duties" accurately defined?
 (4) Are policy and statutory responsibilities matters that should be agreed to by two or more commissioners?
The administrative responsibilities of the Chairman, as specified in the Study, include:
 (1) Implementing Commission policy by providing all instructions and decisions to the divisions;
 (2) Keeping the other two Commissioners informed of major activities in the Department and its divisions;
 (3) Serving as prime contact with the Governor's office;
 (4) Exercising administrative responsibility for the following types of activities:
 a. Supervision and evaluation of division administrators
b. Departmental planning and budgeting
c. Personnel matters
d. Employe activities
e. Systems and procedures
f. Client service
g. Fund management
 h. Relationships with other agencies and U.S. Dept. of Labor
i. Public information
Your first question is whether matters described in the Study as administrative responsibilities are accurately defined as "administrative," within the meaning of sec. 15.06 (4), Stats. That section provides:
 "CHAIRMAN; ADMINISTRATIVE DUTIES. The administrative duties of each commission shall be vested in its chairman, to be administered by him under the statutes and rules of the commission and subject to the policies established by the commission." *Page 35 
Section 15.06 (4), Stats., was created by ch. 327, Laws of 1967, in order to implement the Kellett Bill, ch. 75, Laws of 1967, and is substantially similar to preexisting sec. 101.02
(2), Stats., which outlined the authority of the chairman of the then Industrial Commission as follows:
 "The administrative and executive authority of the commission shall be vested in the chairman, to be administered by him under the statutes and rules of the commission and subject to the policies established by the commission. The commission shall make rules for administering the internal affairs of the commission."
In Wisconsin, the general rule is that all words and phrases are to be construed according to their common and approved usage, unless such construction would produce a result inconsistent with the manifest intent of the legislature. Sec. 990.01 (1), Stats. Common and approved usage defines the word "administration" to mean, in a context relevant here:
 ". . . [4] b: the management of public affairs as distinguished from the executive or political function of policy making
 "5a: the principles, practices, and rationalized techniques employed in achieving the objectives or aims of an organization . . ." Webster's Third New International Dictionary (unabridged, 1961), p. 28.
In answer to your first question, it is my opinion that most, but not all, of those matters described in the Study as administrative responsibilities are accurately defined as "administrative" within the meaning of the above quoted definition and sec. 15.06 (4), Stats.
My reservations with respect to the classifications employed by the Study relate to the recognition therein of the distinction between the administrative and policy functions. The exercise of responsibility over departmental planning, budget preparation and individual personnel matters is properly classified as "administrative." On the other hand, the setting of departmental objectives, the approval of the budget, the formulation of personnel policies (excluding individual personnel transactions), and the appointment of division administrators are policy matters to be *Page 36 
determined by all three commissioners. Therefore, I do not believe, by way of example, that serving as prime contact with the Governor's office, or with other state and federal agencies, can be properly classified, in most cases, as an administrative function since such contacts, at least in a substantive sense, will likely involve matters relating to departmental objectives and general concerns of a like kind.
Your second question is whether the administrative responsibilities can be assigned solely to the chairman as sec.15.06 (4), Stats., requires. That section provides that the "administrative duties of each commission shall be vested in its chairman . . ." It does not require. contrary to the assumption underlying your question, that the commission's administrative duties be exercised solely by the chairman. Administrative duties are vested in the chairman by the statute and he or she may delegate them to the other commission members, in much the same manner as deputies and executive assistants may be delegated various administrative responsibilities for a particular division in departments headed by a secretary. Sec. 15.05 (2) and (3), Stats.
Your third question is whether those matters described in the Study as "policy and statutory duties" are accurately defined. The Study states that all three commissioners establish policy, by majority vote, and that policy-making includes:
a. The overall setting of objectives.
 b. Planning and approval of the budget or all reallocation from one division to another.
 c. Personnel policies (excluding individual personnel transactions.)
d. Administrative rule-making, fee schedules, etc.
e. Major organizational changes.
f. Appointments of Division administrators.
It is my opinion, in answer to your third question, that these duties described in the Study as "policy" are accurately defined, particularly as contrasted with the "administrative duties" vested in the chairman by sec. 15.06 (4), Stats. The classification employed by the Study again is in accord with accepted usage. In this regard a definition of "policy" which I find helpful is the following: *Page 37 
 ". . . [5]a: a definite course or method of action selected (as by a government, institution, group, or individual) from among alternatives and in the light of given conditions to guide and usu[age] determine present and future decisions;
 "[5] b(1): a specific decision or set of decisions designed to carry out such a chosen course of action
 "[5]b(2): such a specific decision or set of decisions together with a related action designed to implement them
 "[5] c: a projected program consisting of desired objectives and the means to achieve them . . ." Websters Third New International Dictionary (unabridged, 1961), p. 1754.
Also included in the Study's classification of policy and statutory responsibilities are what the author apparently deems "statutory responsibilities." They are:
 "2. All three Commissioners appoint members to the Department's boards and advisory councils, while the Chairman appoints members to specific inner Departmental committees.
 "3. One Commissioner would take on the primary role of studying, reviewing and suggesting appropriate legislation and in maintaining liaison with the legislature for informational purposes.
 "4. One Commissioner would take on the primary role of Departmental representative for each collective bargaining group.
 "5. All three Commissioners share the responsibility of bringing to their combined attentions problem areas. Decisions regarding these problem areas affecting the Divisions would be channeled through the Chairman.
 "6. All three Commissioners would share in representing the Department to various outside organizations."
In further response to your third question, I would offer the following comments concerning the Study's classification of these functions as "statutory responsibilities." As to paragraph 2 above quoted, while appointments to "boards and advisory councils" of the Department are undoubtedly statutory in nature, and while *Page 38 
appointments to "special inner-Departmental committees" are also governed by statute, I cannot completely agree with the allocation of responsibilities for such appointments made by paragraph 2 above quoted. It is true that, "All three Commissioners appoint members to the Department's boards and advisory councils . . .". See secs. 15.04 (3) and 15.01 (1) and (3), Stats. I question, however, the statement that, "the Chairman appoints members to special inner Departmental committees" because it seems to me that such committees (presumably intra-Departmental in nature) are also appointed under sec. 15.04 (3), Stats., by the "head of the department, " i.e., in the case of the Department by the Commission. See sec.15.01 (1) and (3), Stats.
Paragraphs 5 and 6 above quoted appear to me to deal with responsibilities, not expressly conferred by statute but necessarily inferred from certain powers and duties of the Commission. Such statutory responsibilities are not, in my opinion, "administrative duties" of the Commission under sec.15.06 (4), Stats., but are instead aspects of the "direction and supervision" of the Department by the Commission, under sec.15.22, Stats., in which all three commissioners may properly share.
As to paragraphs 3 and 4 above quoted, involving a "primary role" for but one commissioner in certain functions which I believe may properly be viewed as statutory responsibilities, if such functions are administrative in nature, they may lawfully be performed by a single commissioner. If, however, such functions are policy-making in nature, they must be performed by the commission as a body.
Your fourth question is whether policy and statutory matters should be agreed to by two or more commissioners. It is my opinion that matters described as policy and statutory must be agreed to by two or more Commissioners. Section 15.06, Stats., provides that "[a] majority of the membership constitutes a quorum to do business . . ." At least two commissioners, and preferably three, must act in the performance of the policy-making and statutory functions assigned to the head of the Department. Sec. 15.22, Stats.; cf., Wisconsin Telephone Co. v.DILHR (May 6, 1975), No. 488 August Term, 1974, pp. 11-12.
In giving my opinion as to the four questions you raise, I neither approve nor disapprove the Study. Moreover, it must be understood *Page 39 
that the answers to your questions provide general guidance only, and that specific questions as to the classification of functions as "administrative" or "policy" matters depends upon careful consideration of the particular facts in each case.
BCL:DJH